**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:05-cr-00085-ECR-RAM |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| JOSE TRINIDAD TIRADO, aka Hector Miguel Vazquez-Irizarry, | ) | |
| Defendant. | ) | |

Defendant Jose Trinidad Tirado-Sillas filed a letter (#341) which appears to request re-calculation of his sentence. The letter states that according to his calculations, the release date "should be on the first week of January 2014" but the "institution has my release date three months after my calculation date which is on April 4th, 2014." He requests that this Court write a letter to the Federal Bureau of Prisons to take care of this matter.

The Bureau of Prisons' Designation and Sentence Computation Center ("DSCC") is solely responsible for calculating federal terms of imprisonment. Bureau of Prisons, <u>Legal Resource Guide to the Federal Bureau of Prisons</u> 12 (2008), http://www.bop.gov/news/PDFs/legal_guide.pdf; <u>see also</u> <u>United States v. Wilson</u>, 503 U.S. 329, (1992). "A prisoner challenging the calculation of a particular sentence does so by filing a Petition

for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the U.S. District Court possessing personal jurisdiction over his or her immediate custodian (Warden)." <u>Legal Resource Guide to the Federal Bureau of Prisons</u> 12. Prior to doing so, the inmate must exhaust the administrative remedy process. <u>Id.</u> 28 C.F.R. § 542.10 provides that the Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. It does not appear that Defendant has exhausted his administrative remedies, nor is his request properly in the form of a petition for habeas corpus.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's request (#341) is **DENIED**.

DATED: November 9, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE